UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTIS JOHNSON, aka
FA'DEE MULAZIM, #146093,

              Plaintiff,

                                          CASE NO.  2:09-CV-14421

v.                                 HONORABLE ARTHUR J. TARNOW

J. ANDERSON, et al.,

              Defendants.

_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES AND COSTS, DENYING MOTION
FOR APPOINTMENT OF COUNSEL, AND DISMISSING COMPLAINT**

**I. INTRODUCTION**

Plaintiff Artis Johnson aka Fa'Dee Mulazim ("Plaintiff"), a state prisoner confined at the
Macomb Correctional Facility in New Haven, Michigan, has filed a pro se civil rights complaint
pursuant to 42 U.S.C. § 1983, as well as a motion for appointment of counsel and an application
to proceed without prepayment of fees and costs so that he may proceed without prepayment of
the $350.00 filing fee for this action.  *See* 28 U.S.C. § 1915(a)(1).  Plaintiff names several
corrections officers, the warden, and the assistant wardens as defendants in this action.  Plaintiff
alleges that he has been subject to retaliatory transfer, retaliation and improper actions involving
his legal property, and double-bunking in a single-person cell.  Plaintiff alleges a violation of his
constitutional rights and seeks injunctive relief and monetary damages.  For the reasons stated
herein, the Court denies Plaintiff's application to without prepayment of fees and costs, denies

1

his request for appointment of counsel, and dismisses the complaint without prejudice pursuant

to 28 U.S.C. § 1915(g).

## II. DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321

(1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a

civil action under certain circumstances.  The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section, if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  In short, the "three strikes" provision requires the Court to dismiss a civil

case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or

more previous occasions, a federal court has dismissed the prisoner's action because it was

frivolous or malicious or failed to state a claim upon which relief may be granted.  *Id.*; *see also*

*Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is

for the district court to dismiss the complaint without prejudice when it denies the prisoner leave

to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court.  The Court's records reveal that he has filed

more than three prior civil actions which have been dismissed as frivolous or for failure to state a

claim upon which relief may be granted.  *See, e.g.*:

| Case No. | Defendant(s) | Dismissal Date | U.S. District Judge |
|---|---|---|---|
| 91-CV-00233 | LaBreche | 03/04/92 | Douglas W. Hillman |
| 92-CV-72564 | Borradale, et al. | 06/18/92 | Patrick J. Duggan |
| 00-CV-70200 | Corrigan, et al. | 02/28/00 | Paul D. Borman |

Although some of the dismissals were entered before the PLRA's enactment in 1996, such dismissals nevertheless count as strikes. *See Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). In addition, Plaintiff has previously been denied leave to proceed in forma pauperis for having three strikes. *See, e.g., Johnson v. Michigan Dept. of Corr.*, 07-13196 (E.D. Mich. Sept. 7, 2007).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee in this case unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is 'real and proximate' and that the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 Fed. Appx. 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). A prisoner's assertion that he faced danger in the past is insufficient to invoke the exception. *Id.*

The events giving rise to Plaintiff's complaint, *i.e.*, the alleged retaliatory transfer, interference with legal property, and double-bunking do not pose any threat of imminent danger of serious physical injury. Although Plaintiff claims that corrections officers have harassed him, verbal threats are insufficient to establish "imminent danger" under 28 U.S.C.§ 1915(g). *See Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007). Plaintiff has not alleged facts which

3

show that he is under immediate or specific danger of future serious physical injury.  *See Davis v. Cook*, 4 Fed. Appx. 261, 262 (6th Cir. 2001).  Plaintiff has failed to show that he falls within the

exception to the three strikes rule.

## III.  CONCLUSION

Based upon the foregoing, the Court concludes that Plaintiff has filed more than three previous lawsuits which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted and he has failed to establish that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g).  Accordingly, the Court **DENIES** Plaintiff's application to proceed without prepayment of fees or costs, **DENIES** his request for appointment of counsel, and **DISMISSES** his complaint pursuant to 28 U.S.C. § 1915(g).  This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee.  The Court notes that any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed pursuant to 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

4

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order would be frivolous and, therefore, cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  November 20, 2009


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 20, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

5